**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Catheryn L. Solorzano**<br>　　　　Plaintiff,<br><br>　　v.<br><br>**United Parcel Service, Inc.**<br>　　　　Defendant | Civil Action No. _____<br><br>**PLAINTIF'S INITIAL COMPLAINT** |

United States Courts
Southern District of Texas
**FILED**

**OCT 2 0 2023**

Nathan Ochsner, Clerk of Court

## INTRODUCTION

Now comes the Plaintiff, Catheryn L. Solorzano, Pro se; brings this lawsuit against Defendant, United Parcel Service, Inc. (UPS), for discrimination, sexual harassment, retaliation, and hostile work environment. Plaintiff started her 4 year career with UPS as a seasonal helper from December 13, 2019 through January 15, 2020, then returned the following holiday season as a Personal Vehicle Driver supervisor from October 9, 2020 through January 1, 2021. On May 27, 2021, UPS permanently hired plaintiff as a Part-Time Package Center Supervisor. During her employment as a PTPCS and continuing through her role as an Inside Sales associate, plaintiff was subjected to a hostile work environment created by UPS's failure to address sexual harassment and discrimination against female employees. Plaintiff also suffered retaliation for reporting this harassment and discrimination.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331(a), which grants federal district courts jurisdiction over all civil actions arising under the laws of the United States. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), is a law of the United States. Therefore, this Court has jurisdiction over Plaintiff's claims for discrimination, sexual harassment, retaliation and intentional infliction of emotional distress . Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), which provides that venue is proper in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff was employed by UPS in the Southern District of Texas, and the alleged discrimination, sexual harassment, and retaliation.

## PARTIES

Plaintiff, Catheryn L. Solorzano, is a resident of the State of Texas. Defendant, United Parcel Service, Inc. (UPS), is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia. UPS has a significant presence in the State of Texas, including a major hub in Houston, Texas.

## STATEMENT OF FACTS

1. On [January 10, 2022], Plaintiff reported to HR that her manager, Jermaine Mayon, had sexually

harassed her. Prior to this complaint there had been similar reports by other female employees against the same person on similar grounds of sexual harassment,

2. Despite this report the HR did not take any action against the perpetrator. However, HR took no disciplinary action against Mayon.

3. After Plaintiff reported Mayon's harassment, she began to suffer retaliation. Mayon made Plaintiff's work life difficult, and it was affecting plaintiff's personal life, mental health and education.

4. It was previously reported to HR that another manager, Bertran Wyre, had allowed his subordinate, Lugo, to commit sexual acts with him on the job. Wyre also discriminated against Plaintiff by refusing to allow her to apply for certain positions only after she took an approved FMLA.

5. HR again took no disciplinary action against Wyre.

6. On March 14th 2023, Plaintiff resigned from UPS due to the hostile work environment and the ongoing mental distress caused by the behaviors that UPS enables.

## FACTUAL ALLEGATIONS

### 1. Pattern of Tolerating Misconduct
UPS has a disturbing history of tolerating and overlooking egregious misconduct by its employees, particularly male managers, fostering an environment where bad behavior is not only condoned but seemingly endorsed. The case of Bertran Wyre, who continued employment despite engaging in sexual acts with a subordinate employee (Lugo), is indicative of UPS's pattern of leniency towards male employees who violate company policies.

### 2. Ineffectual Response to Previous Reports
This isn't an isolated incident. When the Plaintiff reported sexual harassment by Jermaine Mayon, a disturbing pattern emerged. Previous reports by other female employees against Mayon had already been filed, yet UPS failed to take any meaningful disciplinary action, setting a precedent of impunity for perpetrators.

### 3. Retaliation and Escalating Hostility
The aftermath of reporting harassment was not only met with indifference but a disturbing retaliation unfolded. Plaintiff's work/personal/educational life became increasingly difficult, leading to a medically necessary leave from work, showcasing a punitive approach against those who dared to expose the toxic culture within UPS.

### 4. Systematic Impact on Well-being and Education
The retaliation didn't just end at the workplace; it permeated every aspect of the Plaintiff's life. The hostile work environment and escalating harassment led to a significant decline in mental health, necessitating a spike in medications. The trauma caused by the UPS environment was so severe that the Plaintiff had to drop out of school, negatively impacting academic transcripts and resulting in demands for class reimbursement from UPS and delaying graduation.

### 5. Discrimination in Career Advancement
Discrimination wasn't limited to harassment; it permeated career opportunities. Despite initial support from Bertran-Trey for a position, a sudden shift occurred during the Plaintiff's FMLA leave. Positions that were once accessible were now mysteriously out of reach, demonstrating a systematic effort to undermine the Plaintiff's professional growth.

### 6. Selective Discrimination and Disregard for Diversity
The discriminatory practices extended to selective approval of applications, particularly noticeable in the rejection of applications by Bertran Trey. Despite the Plaintiff's explicit interest in promoting diversity, the actions of UPS managers contradicted these stated values.

### 7. Passive Aggression and Disregard for Inclusivity
The Plaintiff's request to decorate the office for PRIDE was met with silence from management, reflecting a passive-aggressive stance that is not supportive of LGBTQ+ inclusivity, a stark contradiction to the Plaintiff's openly expressed identity.

### 8. HR's Failure to Address Discrimination
The failure of HR to address the discriminatory actions of Bertran Trey, even after intervention by HR rep Aaron Love, underscores a systemic failure within UPS to rectify discriminatory practices.

### 9. Hostile Exit and Unethical Conduct
The Plaintiff's resignation process was marked by an unprofessional and hostile exit. Being locked in an office, screamed at for an hour, and pressured to sign documents without understanding further highlighted the unethical conduct endorsed by UPS.

### 10. Silencing Through Humiliation

The managerial response during the final encounter, including making light of the Plaintiff's distress, demonstrated a culture of silencing through humiliation, further perpetuating the hostile work environment.

### 11. Inaction Despite Serious Misconduct

UPS's decision to rehire individuals like Lavoris Hills, who brought a gun onto company grounds and made threatening comments, and Bertran Trey, caught engaging in sexual acts with a subordinate, while refusing to respond to inquiries from the Plaintiff, exposes a blatant lack of accountability for serious misconduct.

### 12. Determination to Seek Justice

The Plaintiff, having endured months of misery and trauma, is resolute in seeking justice. The willingness to share recorded evidence during trial and the commitment to exposing UPS's unethical practices through a public trial including testimonies from former employees who have had to endure similar abuse, and share the phone call consisting of multiple managers who were previously named in HR reports, sharing phone call of management screaming at plaintiff for 40 mins while all others treated this as entertaining, reflect a determination to hold the company accountable.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**DISCRIMINATION**

Plaintiff, Catheryn L. Solorzano, alleges that Defendant, UPS, discriminated against her on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1). UPS's discriminatory conduct included subjecting Plaintiff to a hostile work environment created by sexual harassment and discrimination against female employees, retaliating against Plaintiff for reporting sexual harassment and discrimination, and refusing to promote Plaintiff because of her sex.

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. In Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986), the Supreme Court held that sexual harassment is a form of sex discrimination that is prohibited by Title VII. In Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998), the Supreme Court held that same-sex sexual harassment is also prohibited by Title VII.

Plaintiff is entitled to relief under Title VII for UPS's discriminatory conduct. She seeks compensatory damages for lost wages, emotional distress, and other damages, punitive damages, and injunctive relief to prevent UPS from further discriminating against Plaintiff and other female employees.

**SECOND CAUSE OF ACTION**
**SEXUAL HARASSMENT**

Plaintiff asserts that UPS, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), subjected her to a hostile work environment through sexual harassment, emotional abuse, and targeting. Jermaine Mayon, Plaintiff's manager, is alleged to have engaged in a series of sexually harassing actions. This includes touching her without consent, and vigorously shaking the plaintiff's chair in an effort to see her body parts shaking for him. These actions are in direct violation of the provisions set forth in Title VII, which prohibits employment discrimination based on race, color, religion, sex, or national origin.

The legal foundation for this claim is supported by the precedent set in Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986). The Supreme Court affirmed that sexual harassment constitutes a form of sex discrimination and is expressly prohibited under Title VII. Furthermore, the decision in Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993), established that a hostile work environment claim can prevail if the plaintiff can demonstrate that the harassment was sufficiently severe or pervasive to alter the conditions of her employment, thereby creating an abusive working environment. In essence, Plaintiff relies on these legal principles to substantiate the allegations of sexual harassment and the resultant hostile work environment created by Jermaine Mayon's actions at UPS.

**THIRD CAUSE OF ACTION**
**RETALIATION**

Plaintiff contends that UPS, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a), engaged in retaliation against her for reporting instances of sexual harassment and discrimination. The alleged retaliatory actions taken by UPS include making Plaintiff's work life challenging and constructively forcing her out of her position.

The retaliatory conduct attributed to UPS directly contravenes the protections afforded by Title VII, which expressly prohibits retaliation against individuals who report or oppose discriminatory practices in the workplace. By making Plaintiff's work life difficult and demoting her, UPS is alleged to have violated the statutory provisions aimed at safeguarding employees from reprisals for asserting their rights under Title VII.

This retaliation claim is anchored in the fundamental premise that individuals should be free to report instances of discrimination without fear of adverse consequences. Title VII's provisions, designed to foster a workplace free from retaliation, are integral to maintaining an environment where employees feel secure in bringing attention to unlawful practices. The specific retaliatory actions detailed—making work difficult and demotion—serve as the basis for the Plaintiff's assertion that UPS violated the protections enshrined in Title VII of the Civil Rights Act of 1964.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

Plaintiff, Catheryn L. Solorzano, alleges that UPS, through the actions of its managers, intentionally engaged in extreme and outrageous conduct, causing severe emotional distress to the Plaintiff. This intentional infliction of emotional distress includes, but is not limited to, subjecting the Plaintiff to a hostile work environment, retaliating against her for reporting harassment and discrimination, and fostering an environment where Plaintiff was verbally abused and humiliated.

Intentional Infliction of Emotional Distress (IIED) is a tort claim that arises when a defendant's intentional and reckless conduct causes severe emotional distress to another. To establish IIED, the plaintiff typically must show that the defendant's conduct was extreme and outrageous, that the defendant intended to cause emotional distress or acted recklessly, and that the plaintiff suffered severe emotional distress as a result.

Under Texas law, the elements of intentional infliction of emotional distress generally include:

1. Extreme and Outrageous Conduct: Conduct that goes beyond all bounds of decency and is regarded as atrocious and utterly intolerable.

2. Intent or Recklessness: The defendant must intend to cause emotional distress, or the conduct must be undertaken with reckless disregard for the emotional well-being of the plaintiff.

3. Severe Emotional Distress: The plaintiff must suffer severe emotional distress as a direct result of the defendant's conduct.

Plaintiff contends that UPS's actions, including but not limited to the creation of a hostile work environment, retaliation, targeting and verbal abuse, meet the criteria for extreme and outrageous conduct. Plaintiff asserts that UPS, through its managers, engaged in intentional and reckless behavior with the purpose of causing severe emotional distress. Wherefore, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, plus costs and interest, for the severe emotional distress caused by UPS's intentional or reckless conduct. Plaintiff further requests such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests this Honorable Court to grant the following relief:
WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $500,000, in damages, plus costs and interest, and for the following relief:

1. A declaration that Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, the Texas Labor Code, and the Texas Commission on Human Rights Act;
2. An injunction prohibiting Defendant from continuing to engage in discriminatory, harassing, and retaliatory conduct;
3. An order requiring Defendant to reinstate Plaintiff to her former position or to an equivalent position;
4. An order requiring Defendant to pay Plaintiff all lost wages and benefits;
5. An order requiring Defendant to pay Plaintiff all other damages incurred as a result of Defendant's

unlawful conduct, including, but not limited to, emotional distress, pain and suffering, and medical expenses;

6. An award of reasonable attorneys' fees and costs.

The plaintiff prays for a fair and just resolution of this matter, ensuring that the defendants are held accountable for their alleged wrongful actions and that the plaintiff receives the appropriate remedies to address the harm suffered.

DATED: October 17th 2023.

Respectfully submitted,

Catheryn L. Solorzano

*Plaintiff -pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2023, I served a copy of the foregoing Complaint upon the Defend

*Catheryn L. Solórzano*

Catheryn Solórzano

9114 Pembrook St Houston, TX 77016

832-868-0819

catheryn88@me.com